■ PRUDENTIAL HOME MORTGAGE COMPANY, INC., as Successor in Interest to the PRUDENTIAL HOME MORTGAGE COMPANY, Appellant, v MARIO CERMELE et al., Respondents, et al., Defendants. [640 NYS2d 254] —In an action to foreclose on a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered December 15, 1994, as denied the branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendants Mario Cermele and Valerie Cermele and to appoint a Referee pursuant to RPAPL 1321.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Mario Cermele and Valerie Cermele and to appoint a Referee pursuant to RPAPL 1321 are granted, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The proponent of a summary judgment motion "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Once the movant has demonstrated a prima facie showing of entitlement to judgment, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (*see, Zuckerman v City of New York*, 49 NY2d 557, 562; *Alvarez v Prospect Hosp., supra*).

The plaintiff mortgagee made a prima facie showing of entitlement to summary judgment. However, contrary to the defendants' contention, their proof, consisting of bare unsubstantiated contentions that the plaintiff's employee orally agreed to reinstate their mortgage, and the defendants' letter to the plaintiff's attorneys wherein the defendants made an offer to pay arrears, is insufficient to create an issue of fact as to whether the plaintiff entered into a modification agreement with the defendants so as to estop the plaintiff from foreclosing on the long-overdue mortgage. When a mortgagor is attempting to assert estoppel against a mortgagee who has instituted a foreclosure the mortgagor must produce "evidentiary proof in admissible form * * * sufficient to require a trial [of that defense] * * * mere conclusions, expressions of hope, unsub-

stantiated allegations or assertions are insufficient" (*Zuckerman v City of New York,* 49 NY2d 557, 562, *supra; State Bank v Fioravanti,* 51 NY2d 638, 647). Nor have the defendants alleged any prejudicial change in their position in reliance upon the plaintiff's conduct so as to sustain a prima facie defense of estoppel (*see, BWA Corp. v Alltrans Express U.S.A.,* 112 AD2d 850, 853; *Southold Sav. Bank v Cutino,* 118 AD2d 555). Thus, the plaintiff was not estopped from maintaining the foreclosure action.

We have reviewed the defendants' remaining contentions and find them to be without merit. Copertino, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.