■ COLONY NYRO PARTNERS, L.P., Respondent, v MERRITT & COMPANY, Appellant. [647 NYS2d 108] —In an action to foreclose a mortgage upon real property, the defendant appeals from (1) an order of the Supreme Court, Dutchess County (Beisner, J.), entered December 22, 1994, granting the motion of the plaintiff mortgagee for summary judgment, and (2) an order of the same court, entered January 18, 1995, appointing a Referee to compute the amounts due to the plaintiff and to report whether the property should be sold in one or more parcels.

Ordered that the orders are affirmed, with one bill of costs.

Having concluded that pursuant to the consolidation agreement the defendant would be liable for any deficiency judgment to the extent of the rents willfully misappropriated, the Supreme Court properly directed that the ultimate judgment of foreclosure and sale should contain the language required to adjudicate the plaintiff's right to obtain a deficiency judgment for the misappropriated rents, if any, pursuant to RPAPL 1371 (see, Bankers Trust Co. v 1 E. 88th St. Corp., 283 NY 369; The Pines at Setauket v Retirement Mgt. Group, 223 AD2d 539; Cas-

*sia Corp. v North Hills Holding Corp.,* 281 App Div 709, *affd* 305 NY 837; *Gellens v Saso,* 44 NYS2d 84; *see generally,* 2 Bergman, New York Mortgage Foreclosures § 34.02 [3]).

The defendant's contention that there is an issue of fact as to whether there was an oral modification is unavailing since the consolidation agreement expressly provided that it could not be modified orally *(see, Prudential Home Mtge. Co. v Cermele,* 226 AD2d 357; *see also, Rose v Spa Realty Assocs.,* 42 NY2d 338, 343; *New York State Mtge. Loan Enforcement & Admin. Corp. v Coney Is. Site Five Houses,* 109 AD2d 311, 318).

Finally, the defendant's claim that further discovery would enable it to find proof that there had been an agreement by the plaintiff's predecessor to extend the mortgage maturity date was properly rejected since it was premised on nothing more than surmise, conjecture and speculation *(see, Kennerly v Campbell Chain Co.,* 133 AD2d 669, 670; *see also, Auerbach v Bennett,* 47 NY2d 619, 636; *Lipshie v Peck,* 139 AD2d 702). Thompson, J. P., Joy, Altman and Hart, JJ., concur.