■ NANCY NEALE ENTERPRISES, INC., et al., Respondents-Appellants, v EVENTFUL ENTERPRISES, INC., et al., Appellants-Respondents. [688 NYS2d 207] —In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Nassau County (LaFauci, J.H.O.), entered December 11, 1997, which is in favor of the plaintiffs and against them in the principal amount of $441,693.83, and the plaintiffs cross-appeal from so much of the same judgment as failed to award them the additional sum of $30,000.

Ordered that the judgment is modified, on the facts, by deleting the provision thereof which awarded the plaintiffs damages in the principal amount of $441,693.83, and substituting therefor a provision awarding the plaintiffs the principal amount of $471,693.83; as so modified, the judgment is affirmed, with costs to the plaintiffs.

As a general rule, contracts remain separate unless their history and subject matter show them to be unified (*see, Ripley v International Rys.,* 8 NY2d 430; *National Union Fire Ins. Co. v Williams,* 223 AD2d 395). The primary standard is the intent manifested, viewed in the surrounding circumstances (*see, Rudman v Cowles Communications,* 30 NY2d 1, 13). The nature of the obligation undertaken depends upon the parties' intention, and where that intention may be gathered from the four corners of the instrument, interpretation of the contract is a question of law (*see, Bank of Tokyo-Mitsubishi v Kvaerner,* 243 AD2d 1). At bar, the respective agreements were parts of the same transaction and the parties were, for all practical purposes, the same entities. Therefore, there was clearly a manifest intent on the part of the parties that the agreements should be read together, and that Menachem Lubinsky be personally liable for sums due under both agreements.

We also find, based on the evidence adduced at the trial, that there was an error in computing the damages proven by the plaintiffs, and that the plaintiffs are, in fact, entitled to an additional $30,000.

The parties' remaining contentions are without merit. O'Brien, J. P., Friedmann, Florio and McGinity, JJ., concur.