■ MICHAEL DeCAPUA, Respondent, v DINE-A-MATE, INC., et al., Appellants, and CUC INTERNATIONAL INC., et al., Defendants. [744 NYS2d 417] —Motion by the respondent for leave to reargue an appeal from an order of the Supreme Court, Dutchess County (Hillery, J.), dated July 19, 1999, which was determined by decision and order of this Court dated April 23, 2001, or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion and the papers submitted in opposition thereto, it is

Ordered that the branch of the respondent's motion which is for leave to reargue is granted and the motion is otherwise denied; and it is further,

Ordered that upon reargument, the decision and order of this Court dated April 13, 2001 (*see, DeCapua v Dine-A-Mate, Inc.,* 282 AD2d 643) is recalled and vacated and the following decision and order is substituted therefor:

In an action, inter alia, to recover damages for breach of contract, the defendant Dine-A-Mate, Inc., appeals from so much of an order of the Supreme Court, Dutchess County (Hillery, J.), dated July 19, 1999, as, after a nonjury trial, is in favor of the plaintiff and against it on the causes of action to recover damages for wrongful termination of employment, dismissed that branch of its first counterclaim which was for unpaid royalties for books delivered to the plaintiff after his termination of employment, and dismissed its second counterclaim, and the defendant Raymond H. Stanton separately appeals from so much of the same order as is in favor of the plaintiff and against him on the first cause of action to recover damages for breach of contract.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof in favor of the plaintiff and against

the defendant Raymond H. Stanton on the first cause of action to recover damages for breach of contract and substituting therefor a provision dismissing that cause of action, (2) deleting the provision thereof in favor of the plaintiff and against the defendant Dine-A-Mate on the seventh cause of action to recover damages for wrongful termination and substituting therefor a provision dismissing that cause of action, and (3) deleting the provision thereof dismissing that branch of Dine-A-Mate's first counterclaim which was for unpaid royalties for books delivered to the plaintiff after termination of his employment; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the appellants.

The defendant Raymond H. Stanton (hereinafter Stanton) established and subsequently incorporated the defendant Dine-A-Mate, Inc. (hereinafter Dine-A-Mate), a business which sells books containing coupons which Dine-A-Mate customers can redeem for discounts on products and services. Dine-A-Mate sold the books through its own employees and through independent contractors, one of whom was the plaintiff, Michael DeCapua.

On May 21, 1992, a written agreement was executed between the plaintiff and Stanton, granting the plaintiff the exclusive right to sell Dine-A-Mate books in the lower Hudson Valley. The agreement required the plaintiff to pay royalties based upon books delivered and sold according to a prescribed schedule, and contained a deadline for making final payment on the balance due for that year's books. It provided that the plaintiff's failure to make timely royalty payments constituted a breach of contract entitling Stanton to terminate the agreement. The agreement contained a merger clause prohibiting oral modification of its terms and a "no waiver" clause providing that Stanton's failure to insist on the plaintiff's strict compliance with the agreement would not constitute a waiver of his right to demand exact compliance in the future. The agreement also contained a restrictive covenant precluding Stanton from "directly or indirectly whether as proprietor, investor, stockholder, owner or otherwise enter[ing] into any competition with [the plaintiff] in the Hudson Valley, N.Y. area."

On September 23, 1996, Stanton sold Dine-A-Mate to the defendant CUC International, Inc. (hereinafter CUC), a publicly-traded company whose subsidiary, the defendant Entertainment Publications, Inc. (hereinafter EPI), was a competitor of Dine-A-Mate for the discount coupon book market in the Hudson Valley area. After the sale, the plaintiff was informed that

he was in default of the contract and that he should pay the outstanding royalties he owed. The plaintiff asserted that Dine-A-Mate had breached the covenant against competition in the agreement and demanded that EPI remove its books from the plaintiff's exclusive sales area. On September 27, 1996, Dine-A-Mate terminated its contract with the plaintiff based upon his failure to pay royalties in accordance with the agreement.

The plaintiff commenced this action alleging, inter alia, that Stanton breached the restrictive covenant in the contract and that Dine-A-Mate wrongfully terminated the contract. Following a nonjury trial, the Supreme Court found that Stanton breached the covenant against competition when he sold Dine-A-Mate to the parent corporation of Dine-A-Mate's competitor. It further found that Dine-A-Mate wrongfully discharged the plaintiff for failing to make timely royalty payments since the agreement had been orally modified to allow the plaintiff to settle his account in the spring of each year.

We conclude that the trial court erred in finding in favor of the plaintiff on both causes of action. The plaintiff was not entitled to enforce the restrictive covenant in the contract since he breached the contract first by failing to make royalty payments. When a party benefiting from a restrictive covenant in a contract breaches that contract, the covenant is not valid and enforceable against the other party because the benefiting party was responsible for the breach (see, Cornell v T.V. Dev. Corp., 17 NY2d 69, 75; Meteor Indus. v Metalloy Indus., 149 AD2d 483; Michael I. Weintraub, M.D., P.C. v Schwartz, 131 AD2d 663, 665-666).

Stanton did not waive his right to demand exact compliance with the agreement's payment terms as a result of oral modifications to the agreement. The agreement contained a "no waiver" provision which stated that Stanton's failure to insist upon strict compliance "shall not constitute a waiver of his right to demand exact compliance with the terms thereof." Moreover, contrary to the trial court's finding, subsequent to the oral modifications, the plaintiff was given reasonable notification of Dine-A-Mate's demand for strict compliance with the payment terms in the contract and an opportunity to perform pursuant to those terms (see, UCC 2-209 [5]; Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184; Computer Strategies v Commodore Bus. Machs., 105 AD2d 167). The record indicates that the plaintiff was presented with a statement of his account on March 4, 1996, reflecting that he owed $22,218.20 for 1995 books and $39,680 for 1996 books. On August 21, 1996, the plaintiff received a letter from Dine-

A-Mate which indicated that he still owed a balance of $61,899.20 for the 1995 and 1996 books. The plaintiff signed this letter, confirming that it reflected the balance due, and submitted it to Dine-A-Mate's accountant for auditing purposes. After the sale of Dine-A-Mate, the plaintiff was advised that he was in default of the agreement and that he should pay all outstanding royalties to Dine-A-Mate. However, the plaintiff made no payments of any kind. On October 8, CUC's senior vice president met with the plaintiff in an attempt to settle the dispute, but the plaintiff rejected all of three options proposed to him, including the option of continuing his relationship with Dine-A-Mate under the terms of the agreement. In light of the unambiguous no-waiver provision and the plaintiff's failure to perform after being afforded a reasonable opportunity to do so, the court erred in concluding that Stanton and Dine-A-Mate waived their right to insist on strict compliance with the terms of the contract (*see, Colony Nyro Partners v Merritt & Co.,* 231 AD2d 547; *CrossLand Sav. v Loguidice-Chatwal Real Estate Inv. Co.,* 171 AD2d 457; *Bethpage Theatre Co. v Shekel,* 133 AD2d 62; *New York State Mtge. Loan Enforcement & Admin. Corp. v Coney Is. Site Five Houses,* 109 AD2d 311; *Rodking Serv. Sta. v Gribin,* 109 AD2d 873).

In any event, even if the plaintiff had been entitled to enforce the restrictive covenant in the contract, Stanton's sale of Dine-A-Mate to the parent corporation of Dine-A-Mate's competitor did not constitute a breach of that provision. A covenant against competition must be construed strictly and should not be extended beyond the literal meaning of its terms (*see, Gramercy Park Animal Ctr. v Novick,* 41 NY2d 874; *Reed, Roberts Assoc. v Strauman,* 40 NY2d 303, 307). The restraint must be reasonable such that it "is no greater than is required for the protection of the legitimate interest" of the party seeking enforcement (*BDO Seidman v Hirshberg,* 93 NY2d 382, 388). In this case, the restrictive covenant was designed to ensure that Dine-A-Mate would not expand its operations into the plaintiff's area. Since EPI was the plaintiff's competitor in the Hudson Valley area prior to the stock transfer, Stanton did not enter into competition with the plaintiff by transferring Dine-A-Mate stock to EPI's parent corporation. Notably, the agreement did not limit Stanton's right to sell or transfer its interest in Dine-A-Mate (*see, First & First v Dunkin Donuts,* 1990 WL 36139 [ED Pa]). Thus, the sale of Dine-A-Mate stock did not constitute a breach of the covenant against competition.

The trial court also erred in finding in favor of the plaintiff on his wrongful termination cause of action against Dine-A-

Mate. The plaintiff was not wrongfully discharged by Dine-A-Mate since the plaintiff was not a Dine-A-Mate employee. In addition, the termination of the agreement was proper since the plaintiff breached the provision requiring him to pay royalties for books sold. The plaintiff did not pay any of the royalties he owed for the 1995 and 1996 books.

The trial court erred in dismissing that branch of Dine-A-Mate's first counterclaim which was for unpaid royalties for books delivered to the plaintiff after his termination. The plaintiff ordered these books before the agreement was terminated and Dine-A-Mate shipped them in an attempt to mitigate damages. Thus, Dine-A-Mate was entitled to recover royalties for these books under its counterclaim for breach of contract.

Dine-A-Mate's remaining contention is without merit. Ritter, J.P., Florio, Feuerstein and H. Miller, JJ., concur.