PAULA DOLDAN, Respondent, v CALVIN FENNER, Appellant. [765 NYS2d 401] —Appeal from an order of Supreme Court, Erie County (Cosgrove, J.), entered April 12, 2002, which, inter alia, denied defendant's motion to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating that part dismissing the affirmative defense of release and payment and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for personal injuries she sustained in an automobile accident. Shortly after the accident, plaintiff signed a general release of all claims against defendant and his insurer, Progressive Insurance Company (Progressive), in exchange for $400. Twelve days later, plaintiff signed a second release that was similar to the first release but contained additional language concerning, inter alia, the retention of certain legal remedies. There was no new consideration for the second

release. In lieu of an answer, defendant moved to dismiss the complaint on the ground of release (*see* CPLR 3211 [a] [5]).

As a preliminary matter, we note that Supreme Court properly treated the two releases as one agreement. Both releases were executed by plaintiff for the same purpose, and the submissions of the parties establish that they intended that the two releases be considered as one unified agreement rather than distinct agreements (*see Neale Enters. v Eventful Enters.*, 260 AD2d 453 [1999]; *National Union Fire Ins. Co. of Pittsburgh, Pa. v Robert Christopher Assoc.*, 257 AD2d 1, 6 [1999]). The court properly denied defendant's motion, but erred in determining that the release is invalid as a matter of law and dismissing the affirmative defense of release and payment.

We agree with defendant that plaintiff failed to raise a triable issue of fact whether the release was procured through duress (*see Hydrodyne Indus. v Marine Midland Bank*, 118 AD2d 626 [1986]; *see generally Fred Ehrlich, P.C. v Tullo*, 274 AD2d 303, 304 [2000]; *Cavalli v Cavalli*, 226 AD2d 666 [1996]; *Yuan Zhai v Chemical Bank*, 2003 NY slip op 51024 [U] [June 11, 2003]). We disagree with defendant, however, that the terms of the release were clear and unambiguous, and we agree with plaintiff that extrinsic evidence is required to ascertain the parties' intent. Whether an agreement is ambiguous is a question of law for the court (*see Kass v Kass*, 91 NY2d 554, 566 [1998]). Where the agreement is ambiguous, it is for the court to interpret unless the intent of the parties depends on the credibility of extrinsic evidence (*see Village of Hamburg v American Ref-Fuel Co. of Niagara*, 284 AD2d 85, 88 [2001], *lv denied* 97 NY2d 603 [2001]; *Smith v Estate of LaTray*, 161 AD2d 1178 [1990]; *Bodwitch v Allen*, 91 AD2d 1177, 1178 [1983]). Here, the first part of the release unambiguously discharged defendant and Progressive from "all claims, actions, causes of action * * * on account of * * * any and all known and unknown personal injuries and damages" resulting from the automobile accident. However, the latter part of the release, in bold and capitalized print, provided in relevant part that plaintiff maintained her "right to apply for personal injury protection (no-fault) and/or medical payment coverages." We conclude that the phrase "apply for personal injury protection," when read by a lay person without an understanding of the term "no-fault," is ambiguous. Without knowing the meaning of the term no-fault, a lay person might reasonably believe that she had the right to recover damages for personal injuries.

We further conclude that the issue of the parties' intent with

respect to the meaning of the release in this case may not be resolved without resort to extrinsic evidence. Plaintiff stated in her affidavit that Progressive's representative referred to the bold print in the latter part of the release when he told her that she maintained all of her rights with respect to her personal injuries and that the release was meant to cover only property damage. Thus, the proper interpretation of the release presents an issue for the trier of fact to resolve. We therefore modify the order by vacating that part dismissing the affirmative defense of release and payment. Present—Green, J.P., Pine, Wisner and Hayes, JJ.