■ ELITE PROMOTIONAL MARKETING, INC., et al., Respondents, v JAN STUMACHER et al., Defendants, and RHINA INTERNATIONAL DIRECT, INC., Appellant. (Action No. 1.) RHINA INTERNATIONAL DIRECT, INC., Appellant, v HOWARD HOROWITZ et al., Respondents. (Action No. 2.) [779 NYS2d 528]—

In two related actions, inter alia, to recover damages for breach of contract, that were joined for trial, Rhina International Direct, Inc., appeals from a judgment of the Supreme Court, Nassau County (Austin, J.), entered April 10, 2003, which, after a nonjury trial, is in favor of Credit Card Promotions, Inc., and against it in the principal sum of $305,933.

Ordered that the judgment is affirmed, with costs.

Credit Card Promotions, Inc. (hereinafter CCP), commenced action No. 1 to collect fees for services related to an agreement (hereinafter the GTE contract) with Rhina International Direct, Inc. (hereinafter Rhina), whereby CCP agreed to solicit credit card applications. The applications were solicited for nonparty GTE Credit Card Services, Inc. (hereinafter GTE), a credit card company which retained Rhina to conduct a marketing program.

Rhina claimed that it was entitled to withhold payment of certain invoices payable under the GTE contract on the ground that CCP and its related entity, Elite Promotional Marketing, Inc. (hereinafter Elite), breached two separately-executed confidentiality/non-solicitation agreements (hereinafter collectively the agreement) executed by their principals, Howard Horowitz and Brett J. Whiton by, inter alia, soliciting work from another credit card company, Discover Card. Rhina commenced action No. 2, inter alia, to recover damages for breach of the agreement. The actions were joined for trial.

Contrary to Rhina's contention, the Supreme Court applied the correct standard regarding the enforceability of restrictive covenants not to compete. A covenant against competition must be construed strictly and should not be extended beyond the literal meaning of its terms (*see Gramercy Park Animal Ctr. v Novick*, 41 NY2d 874 [1977]; *Reed, Roberts Assoc. v Strauman*, 40 NY2d 303, 307 [1976]). The restraint must be reasonable such that it "is *no greater* than is required for the protection of the *legitimate interest*" of the party seeking enforcement (*BDO Seidman v Hirshberg*, 93 NY2d 382, 388 [1999]). Legitimate interests are limited to "the protection against misappropriation of the employer's trade secrets or of confidential customer lists, or protection from competition by a former employee whose services are unique or extraordinary" (*BDO Seidman v Hirshberg, supra* at 389). A restrictive covenant against competition must also be reasonably limited temporally and geographically (*see American Para Professional Sys. v Examination Mgt. Servs.*, 214 AD2d 413 [1995]). The Supreme Court properly determined that the solicitation by the defendants in action No. 2 of Discover Card, with which Horowitz had a preexisting relationship, was not barred by the restrictive covenant in the agreement barring them from soliciting Rhina's clients (*see Reed, Roberts Assoc. v Strauman, supra*).

There is also no merit to Rhina's contention that the agreement and the GTE contract were separately enforceable contracts. "As a general rule, contracts remain separate unless their history and subject matter show them to be unified . . . The primary standard is the intent manifested, viewed in the surrounding circumstances . . . The nature of the obligation undertaken depends upon the parties' intention, and where that intention may be gathered from the four corners of the instrument, interpretation of the contract is a question of law" (*Nancy Neale Enters. v Eventful Enters.*, 260 AD2d 453 [1999]). The record shows that the GTE contract was conditioned on the execution of the agreement. Accordingly, since the GTE contract

and the agreement were parts of the same transaction and the parties were, for all practical purposes, the same entities, "there was clearly a manifest intent on the part of the parties that the agreements should be read together" (*Nancy Neale Enters. v Eventful Enters., supra* at 453; *see also Doldan v Fenner*, 309 AD2d 1274 [2003]).

In addition, "[w]hen a party benefiting from a restrictive covenant in a contract breaches that contract, the covenant is not valid and enforceable against the other party because the benefiting party was responsible for the breach" (*DeCapua v Dine-A-Mate, Inc.*, 292 AD2d 489, 491 [2002]). Thus, in light of Rhina's initial breach of the GTE contract by refusing to pay the invoices payable thereunder to Horowitz, the Supreme Court also properly determined on this additional basis that the restrictive covenant was unenforceable by Rhina (*see DeCapua v Dine-A-Mate, Inc., supra*).

Rhina's remaining contentions are without merit. Florio, J.P., Schmidt, Mastro and Rivera, JJ., concur.