█ RYKO Manufacturing Company, Respondent-Appellant, v Thornwood Car Wash, Inc., Appellant-Respondent. [833 NYS2d 191]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered November 4, 2005, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint and (2), as limited by its notice of appeal and brief, from so much of an order of the same court entered January 19, 2006, as, upon reargument, adhered to the original determination granting that branch of the plaintiff's motion which was for summary judgment on the complaint, and the plaintiff cross-appeals, as limited by its notice of appeal and brief, from (1) so much of the order entered November 4, 2005, as denied that branch of its motion which was for summary judgment dismissing the defendant's first, third, and fourth counterclaims, and (2) so much of the order entered January 19, 2006, as, upon reargument, adhered to the prior determination denying that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's first, third, and fourth counterclaims.

Ordered that the appeal from the order entered November 4, 2005 is dismissed, without costs or disbursements, as that order was superseded by the order entered January 19, 2006, made upon reargument; and it is further,

Ordered that the order entered January 19, 2006 is modified, on the law, by deleting the provision thereof, upon reargument, adhering to so much of the original determination in the order entered November 14, 2005, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint, and substituting therefor a provision, upon reargument, vacating that portion of the order entered November 4, 2005, which granted that branch of the plaintiff's motion which was for summary judgment on the complaint and denying that branch of the motion; as modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff commenced this action, inter alia, to recover the unpaid balance on the purchase price of a car wash system it sold to the defendant. The defendant, among other things, alleged that it had rejected the system as non-conforming, and counterclaimed for damages arising from the alleged breach of warranties of merchantability and fitness for use. The defendant alleged, inter alia, that despite representations to the contrary, the plaintiff's system was not and could not be made compatible with the defendant's existing "pay at the pump" computer credit card system. The Supreme Court, among other things, granted that branch of the plaintiff's motion which was for summary judgment on the complaint, but denied that branch of the motion which was for summary judgment dismissing the defendant's first, third, and fourth counterclaims. We modify.

In support of its motion, the plaintiff failed to demonstrate, prima facie, that the defendant did not rightfully reject the system (see UCC 2-602, 2-607; cf. Cafaro v Emergency Servs. Holding, Inc., 11 AD3d 496 [2004]). Rather, on the record presented, this is a question of fact. Thus, the Supreme Court erred in granting the plaintiff summary judgment on the complaint.

The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's breach of warranty counterclaims. The plaintiff proffered two "orders and bills of sale" concerning the car wash system, only the first of which addressed warranties. The first order and bill of sale expressly disclaimed any warranties, express or implied, except those specifically set forth in the manuals for the system. The owner's manual for the system, inter alia, limited the plaintiff's liability to replacing or repairing, free of charge, any defective part or parts of the system, and provided: "THIS WARRANTY IS EXPRESSLY IN LIEU OF ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANT-

ABILITY OR FITNESS FOR A PARTICULAR PURPOSE NOT SET FORTH IN A WRITING SIGNED BY AN AUTHORIZED REPRESENTATIVE OF [THE PLAINTIFF].'' The plaintiff argued that two orders and bills of sale were to be read together and, therefore, all of the defendant's breach of warranty counterclaims were excluded by the limitations and disclaimers in the first order and bill of sale and the owner's manual. The defendant argued that the second order and bill of sale was a new and separate contract and, therefore, it was not bound by such limitations and disclaimers. The plaintiff, as movant, bore the initial burden of proof on this issue. However, in support of its motion, the plaintiff failed to demonstrate, prima facie, that the parties intended the two orders and bills of sale to be read together (cf. *Elite Promotional Mktg., Inc. v Stumacher,* 8 AD3d 525 [2004]; *Nancy Neale Enters. v Eventful Enters.,* 260 AD2d 453 [1999]; *Williams v Mobil Oil Corp.,* 83 AD2d 434, 439-441 [1981]). Consequently, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's breach of warranty counterclaims.

The parties' remaining contentions are without merit. Rivera, J.P., Ritter, Goldstein and Angiolillo, JJ., concur.