■ KEVIN E. MCLAUGHLIN, Individually and as Executor of PATRICIA MCLAUGHLIN, Deceased, et al., Respondents, v JAMES M. LOGAN et al., Appellants. [932 NYS2d 174]—

Margaret Logan and her husband, James Logan, Sr. (hereinafter together Margaret and James Logan, Sr.), owned a one-family home in Greenlawn. To ensure that they would have the benefit of that home during their lifetimes and to retain some control over which of their children or grandchildren would ultimately get the benefit of the home, or its value, Margaret and James Logan, Sr., executed two documents on the same day in late December 1997. In the first, a deed, they conveyed their home to their four children as tenants in common, but retained a life estate for themselves. The second document, a Transfer of Realty and Occupancy Agreement (hereinafter the Transfer Agreement), stated that they reserved a special limited power of appointment to change the respective interests of any remainderperson under the deed and to add or delete remainderpersons, subject to certain conditions. The four children of Margaret and James Logan, Sr., the four grantees on the deed, all signed the Transfer Agreement that same day, agreeing to its terms. That agreement also was fully acknowledged.

On three occasions after the death, in 2000, of James Logan, Sr., Margaret Logan sought to exercise the special power of appointment, reserved in the Transfer Agreement, to redistribute the respective percentages among her four children and her grandchildren. Margaret Logan's final exercise of the special power of appointment was executed and acknowledged on August 22, 2006 (hereinafter the Second Amendment to Special Power of Appointment). There was no new deed. In September 2008, Margaret Logan died, and the litigants here, all of whom are either Margaret Logan's children, grandchildren, or the surviving spouse of one of Margaret's children, could not agree on the interest each held in the house. Essentially, the parties

disputed whether the interests were as allocated in the 1997 deed or as allocated in the Second Amendment to Special Power of Appointment. This action, which sought, inter alia, a determination of the respective interests of the parties, was commenced in February 2009. The house has since been sold, and the matter now concerns only the distribution of the proceeds of the sale.

The Supreme Court properly granted those branches of the plaintiffs' motion which were, in effect, for summary judgment on the complaint and for the entry of an interlocutory judgment directing the distribution of the proceeds of the sale of the subject premises according to the remainder interests set forth in the Second Amendment to Special Power of Appointment. The plaintiffs demonstrated that the 1997 deed and the Transfer Agreement should be read together. As such, those parties to the Transfer Agreement who were also the grantees on the deed, the four children of Margaret and James Logan, Sr., agreed that, as among themselves and any remainderperson eventually named in an exercise of the special power of appointment, their respective interests in the property were subject to the exercise of the special power of appointment, notwithstanding the deed itself (*see Nau v Vulcan Rail & Constr. Co.*, 286 NY 188, 197 [1941]; *cf. Ripley v International Rys. of Cent. Am.*, 8 NY2d 430, 438 [1960]; *Palmer v Palmer*, 150 NY 139, 146 [1896]; *Elite Promotional Mktg., Inc. v Stumacher*, 8 AD3d 525, 526-527 [2004]; *Nancy Neale Enters. v Eventful Enters.*, 260 AD2d 453 [1999]). Moreover, the plaintiffs established that the Transfer Agreement and the Second Amendment to Special Power of Appointment each was executed with the required level of formality to be effective (*see* EPTL 10-4.1 [a] [2]; 10-6.3; General Obligations Law § 5-703; Real Property Law §§ 243, 244). In opposition, the defendants failed to raise a triable issue of fact (*see Cadle Co. v Calcador*, 85 AD3d 700, 703 [2011]).

The defendants' remaining contentions are either without merit or not properly before us. Prudenti, P.J., Skelos, Balkin and Sgroi, JJ., concur.