## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  January 5, 2017                    523282
_____

MARK L. REYNOLDS,
                        Appellant,

        v
                                            MEMORANDUM AND ORDER
TOWN OF GREENVILLE,
                        Respondent.
_____

Calendar Date:  November 22, 2016

Before:  Garry, J.P., Egan Jr., Rose, Clark and Mulvey, JJ.

                        _____


        Biscone Law Firm, Ravena (Carmen M. Warner of counsel), for
appellant.

        Tal B. Rappleyea, Valatie, for respondent.

                        _____


Clark, J.

        Appeal from an order and judgment of the Supreme Court
(Fisher, J.), entered September 11, 2015 in Greene County, which
granted defendant's motion for summary judgment dismissing the
complaint.

        Pursuant to a contract dated December 23, 2011, defendant
hired plaintiff as an independent contractor to operate its
wastewater treatment facility.  In March 2013, defendant
terminated its contract with plaintiff "for cause" on the basis
that plaintiff or his employee allegedly "failed to properly
complete and[/]or file the reports, inspections, testing and
calibration of test equipment," as required by the contract.
Plaintiff then commenced this action alleging that defendant had
improperly discharged him from his duties under the contract.
Following joinder of issue and disclosure, defendant moved for

summary judgment dismissing the complaint, asserting that there were no triable issues of fact as to the reasons for the termination and, therefore, dismissal of plaintiff's breach of contract claim was warranted.  Plaintiff opposed the motion, and his counsel stated, in his affirmation, that defendant had "addresse[d] the completely wrong cause of action" of breach of contract and that "the cause of action plead[ed] by . . . [p]laintiff [was] one for wrongful termination."  Supreme Court granted defendant's motion and dismissed the complaint, stating that defendant had "suceed[ed] both procedurally as [p]laintiff ha[d] failed to state a cause of action and as a matter of law on the merits."

We affirm.  The contract between the parties expressly stated that plaintiff was an independent contractor.  Although the complaint was ambiguous on its face as to the specific cause of action pleaded, plaintiff's counsel asserted — in response to defendant's argument on its motion for summary judgment that plaintiff's breach of contract claim lacked merit — that the cause of action pleaded in the complaint was one for wrongful termination, rather than breach of contract.  Accordingly, as there is no claim for wrongful termination of an independent contractor, Supreme Court properly dismissed the complaint for failure to state a cause of action (see DeCapua v Dine-A-Mate, Inc., 292 AD2d 489, 492-493 [2002]).[1]

Garry, J.P., Egan Jr., Rose and Mulvey, JJ., concur.

_____

[1]  In light of this conclusion, we need not address Supreme Court's further finding that, had a cause of action for breach of contract actually been stated, defendant would have been entitled to dismissal of that claim on the merits.  Were we to do so, we would deny defendant's motion for summary judgment dismissing the complaint, as our review of the record reveals that plaintiff raised questions of fact in opposition to the motion.

ORDERED that the order and judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court