R & G Brenner Income Tax Consultants v Gilmartin (2024 NY Slip Op 06229)

R & G Brenner Income Tax Consultants v Gilmartin

2024 NY Slip Op 06229

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2021-00099
 (Index No. 16901/11)

[*1]R & G Brenner Income Tax Consultants, respondent,
v
Richard Gilmartin, appellant.

La Reddola, Lester & Associates, LLP, Garden City, NY (Steven M. Lester of counsel), for appellant.
Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman, Kenneth A. Novikoff, and Henry M. Mascia of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered December 11, 2020. The order, insofar as appealed from, (1) granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the second and third causes of action of the amended complaint, (2) granted that branch of the plaintiff's separate motion which was pursuant to CPLR 3211(a)(5) to dismiss the defendant's counterclaims, and (3) denied those branches of the defendant's cross-motion which were for summary judgment on his counterclaims and dismissing the second cause of action of the amended complaint.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the second and third causes of action of the amended complaint and that branch of the plaintiff's separate motion which was pursuant to CPLR 3211(a)(5) to dismiss the defendant's counterclaims, and substituting therefor provisions denying those branches of the plaintiff's separate motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action against the defendant, its former employee, alleging that the defendant violated restrictive covenants in his employment agreements by competing with the plaintiff while he was still an employee and soliciting the plaintiff's clients after he resigned. The defendant asserted counterclaims alleging, inter alia, that the plaintiff breached its employment agreements with the defendant by failing to pay commissions earned by the defendant.
As relevant here, in November 2019, the plaintiff moved, among other things, for summary judgment on the issue of liability on the second and third causes of action of the amended complaint, which alleged breach of contract and violations of the faithless servant doctrine, respectively. The defendant cross-moved, inter alia, for summary judgment on his counterclaims and dismissing the second cause of action of the amended complaint. The plaintiff then separately moved, among other things, pursuant to CPLR 3211(a)(5) to dismiss the defendant's counterclaims. In an order entered December 11, 2020, the Supreme Court, inter alia, granted those branches of the [*2]plaintiff's separate motions and denied those branches of the defendant's cross-motion. The defendant appeals.
The Supreme Court erred in granting that branch of the plaintiff's motion which was to dismiss the defendant's counterclaims as time-barred. Under CPLR 203(d), "claims and defenses that arise out of the same transaction as a claim asserted in the complaint are not barred by the Statute of Limitations, even though an independent action by defendant might have been time-barred at the time the action was commenced" (Bloomfield v Bloomfield, 97 NY2d 188, 193; see Carlson v Zimmerman, 63 AD3d 772, 774). Here, since both the plaintiff's claims and the defendant's counterclaims allege breaches of the employment agreements, the defendant's counterclaims arose from the same transactions and occurrences as the plaintiff's claims and should not have been dismissed as untimely (see CPLR 203[d]; Bloomfield v Bloomfield, 97 NY2d at 193; Lewis, Brisbois, Bisgaard & Smith, LLP v Law Firm of Howard Mann, 141 AD3d 574, 576). However, contrary to the defendant's contention, that branch of his cross-motion which was for summary judgment on his counterclaims was properly denied, as the defendant failed to establish, prima facie, that the plaintiff did not pay him the commissions due under the employment agreements and the amounts allegedly due to him.
The Supreme Court also should have denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging breach of contract and violation of the faithless servant doctrine. "[W]hen a party benefiting from a restrictive covenant in a contract breaches that contract, the covenant is not valid and enforceable against the other party because the benefiting party was responsible for the breach" (Elite Promotional Mktg., Inc. v Stumacher, 8 AD3d 525, 527 [internal quotation marks omitted]; see Cornell v T. V. Dev. Corp., 17 NY2d 69, 75).
Here, although the plaintiff established, prima facie, that the defendant breached the terms of the employment agreements, the plaintiff failed to eliminate all triable issues of fact as to whether it materially breached the employment agreements by failing to pay the defendant commissions he earned under the terms of the employment agreements. Thus, issues of fact exist as to whether the restrictive covenants in the employment agreements were enforceable, warranting denial of that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the breach of contract cause of action (see Elite Promotional Mktg., Inc. v Stumacher, 8 AD3d at 527; DeCapua v Dine-A-Mate, Inc., 292 AD2d 489, 491). However, contrary to the defendant's contention, the defendant was not entitled to summary judgment dismissing the plaintiff's breach of contract cause of action because the defendant failed to establish, prima facie, that the plaintiff materially breached the employment agreements so as to render the restrictive covenants unenforceable.
The faithless servant doctrine provides that "[o]ne who owes a duty of fidelity to a principal and who is faithless in the performance of his [or her] services is generally disentitled to recover his [or her] compensation, whether commissions or salary" (Feiger v Iral Jewelry, 41 NY2d 928, 928; see Parker Waichman, LLP v Mauro, 215 AD3d 869, 871-872). "The faithless servant doctrine applies when an employee-agent breaches their duty of loyalty owed to the employer-principal" (Parker Waichman, LLP v Mauro, 215 AD3d at 872).
Here, the plaintiff failed to eliminate triable issues of fact as to whether the defendant breached his duty of loyalty owed to the plaintiff by soliciting the plaintiff's clients for his business or otherwise diverting opportunities to provide tax preparation services from the plaintiff to himself.
Accordingly, that branch of the plaintiff's motion which was to dismiss the defendant's counterclaims as time-barred and those branches of its separate motion which were for summary judgment on the issue of liability on the second and third causes of action of the amended complaint should have been denied.
LASALLE, P.J., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court