Isidor Wassebvogel, Spec. Ref.
Plaintiff seeks to set aside a transfer of title to an automobile by the defendant Buxhoeveden, her former husband, to his present wife, the defendant Leaman.
On or about October 27, 1958 plaintiff obtained a judgment against defendant Buxhoeveden for arrears of alimony amounting to $976.55. In February, 1959 execution thereon was issued and on February 16, 1959 a City Marshal levied against a 1957 De Soto, four-door sedan, the motor vehicle here involved. After the City Marshal’s levy, a claim of ownership to the De Soto car was made by one Carte. As a result thereof, plaintiff instituted an action in the Municipal Court to determine the validity of Carte’s claim. On or about March 30, 1959, after a trial in the Municipal Court, a judgment was entered which, in effect, determined that on the day of the City Marshal’s levy, plaintiff’s execution on her prior judgment was invalid and Carte’s subsequent title to the vehicle, therefore, good and proper.
On April 20, 1959 Carte caused the title to the De Soto caito be transferred to defendant Leaman, although it appears from the record that the physical transfer of the vehicle was made by her then fiance, the defendant Buxhoeveden. Prior thereto, *920 however, plaintiff had taken an appeal from the March, 1959 judgment of the Municipal Court, but it was not until June 17, 1959, after title had passed to defendant Leaman, that the judgment was reversed (N. Y. L. J., June 19, 1959, p. 8, col. 8) and the levy of February 16, 1959 upheld as valid. Plaintiff now contends that the transfer of title to defendant Leaman was fraudulent and in furtherance of defendant Buxhoeveden’s attempt to place the De Soto car beyond the reach of his creditors.
There is little doubt that the transfer of ownership of the De Soto car from the defendant Buxhoeveden to G-arte, in light of the reversal of the Municipal Court judgment, must be deemed a fraudulent attempt by the former to conceal an asset from his judgment creditors. Nevertheless, there is nothing in the record before this court which warrants the conclusion that defendant Leaman was a party to this fraud, or to any fraud perpetrated by or between defendant Buxhoeveden and Carte. It is evident that she was joined as a party to this action by plaintiff, defendant Buxhoeveden’s former wife, solely for the purpose of harassing and embarrassing her. It is to be noted that in September, 1959, plaintiff sued Carte for damages by reason of his fraudulent claim to the automobile, which action came on before this court. On October 7,1960 said action against Carte was settled for the sum of approximately $1,900, which was paid in his behalf by defendant Leaman. It is significant that no bond was posted pending plaintiff’s appeal from the Municipal Court judgment, nor did she obtain any stay or other order which restrained the transfer of title to the vehicle levied upon pending the determination of the appeal.
In the opinion of the court, defendant Leaman was an innocent party to the fraudulent transactions between Carte and defendant Buxhoeveden. Concededly, as plaintiff urges, a transfer without consideration raises a presumption of fraud. In the instant action, however, such presumption was effectively rebutted by the credible evidence which established that defendant Leaman received this vehicle as a “ pre-marriage gift ”. Her failure to pay any monetary consideration for such transfer, therefore, is understandable and plaintiff’s claim of fraud clearly refuted.
Judgment, accordingly, is rendered in favor of plaintiff against the defendant Buxhoeveden only, as prayed for in the complaint. Counsel fees are fixed in the' sum of $250. The complaint, in all respects, is dismissed as to the defendant Leaman. No costs are awarded.