■ VERA BUXHOEVEDEN, Appellant, v. ROBERTA R. LEAMAN, Now Known as ROBERTA R. BUXHOEVEDEN, Respondent, et al., Defendant.— Apart from all other considerations, plaintiff's cause of action against respondent must fall because of the circumstances of the settlement of the suit which appellant brought against Matthew Garte. That action was to recover damages under section 696 of the Civil Practice Act by virtue of Garte having allegedly asserted a false claim of ownership to an automobile upon which a City Marshal had levied after appellant had obtained a judgment of $976.55 against her former husband for unpaid alimony. The minutes of the proceedings, in which the settlement was agreed upon, show that plaintiff consented to accept $1,725 (which sum was paid to her), and that she also agreed that she would not bring any proceedings against anyone but her husband to collect the judgment for unpaid alimony. The acceptance of the settlement under those conditions estops plaintiff from successfully pursuing the instant action. Concur — Botein, P. J., Rabin, Valente, Stevens and Bastow, JJ. [28 Misc 2d 919.]

■ FEDERAL PACIFIC ELECTRIC COMPANY, Respondent, v. RAO ELECTRIC EQUIPMENT CO., INC., Appellant.— This was not a proper motion on which to grant summary judgment under rule 113 of the Rules of Civil Practice, or to grant judgment on the merits. However, under the alternative relief requested by plaintiff in its notice of motion, Special Term could have granted the relief which this court now grants, the record indisputably establishing plaintiff's right to such relief in the exercise of discretion and as a matter of law. Rule 113 searches the evidentiary facts in the case to determine the existence or absence of an issue of fact. Hence, the requirement, generally, for a party's affidavit, and the inadequacy of plaintiff's proof in this respect. In this case, however, plaintiff established that defendant should be totally precluded on its counterclaim. Consequently, upon such preclusion, plaintiff was entitled to judgment on the pleadings, the order of preclusion serving to limit defendant's pleading, leaving only admissions of the cause of action in chief. Since it would serve no useful purpose to remit the parties to proceedings the outcome of which would be, on this record, inescapable, this court does what Special Term could have done in the first instance (Civ. Prac. Act, § 584; 9 Carmody-Wait, New York Practice, pp. 183–186; cf. De Rosa v. Slattery Contr. Co., 14 A D 2d 278). Settle order on notice. Concur — Botein, P. J., Breitel, Valente, Stevens and Eager, JJ.