■ APF Industries, Inc., Appellant, v Mosler Safe Company, Respondent. — Order and judgment unanimously affirmed, with costs. Memorandum: There are no questions of fact precluding summary judgment in this case involving contract construction. It is the responsibility of the court to interpret written agreements to determine the intent of the parties as derived from the language employed (4 Williston, Contracts [3d ed], §§ 600-601). Where a question of intent is determinable by written agreement, the question is one of law, appropriately decided on a motion for summary judgment (*Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291). The disputed contract provision called for 4% royalty payments on certain nonpatented apparatus. The contract expressly provides that royalty payments for patented items continue only so long as the patent licenses remain in force, eight years. There is no express language, however, terminating the royalty payments due on nonpatented apparatus. Plaintiff argues, therefore, that royalty payments on these items continue in perpetuity, while defendant contends that the royalties ceased when the licenses expired. Special Term adopted defendant's construction and we agree. To construe the royalty payments as existing in perpetuity would conflict with other provisions in the agreement. We note, first, that the royalty payments were intended to compensate plaintiff for the sale of the business, and thus the parties placed minimum and maximum limits on the amount defendant would be liable for, both during the initial eight years and the renewal period, if any. A 4% royalty in perpetuity would violate this scheme, since there would be no dollar limit on defendant's liability. Additionally we note that the agreement contains a provision requiring defendant to pay a 1% royalty after the eighth year, if defendant exercises its option to renew the licenses. Defendant chose not to renew. It makes no sense that defendant should be obligated to pay less in royalties if it exercises the option, thereby acquiring a business asset, than if it does not do so. Therefore the parties could not have intended the 4% royalty provision to continue beyond the initial eight years. Summary judgment was thus properly granted to defendant. (Appeal from order and judgment of Erie County Court, McGowan, J. — summary judgment.) Present — Simons, J. P., Callahan, Doerr, Denman and Moule, JJ.