■ KELVIN KEITH et al., Respondents-Appellants, v DANA F. HOUCK et al., Respondents, and WILLIAM R. BEAN et al., Appellants-Respondents. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: This is an action for damages in which plaintiffs claim that the defendants wrongfully terminated their domestic water supply. Defendants Bean and plaintiffs appeal from the order which granted plaintiffs summary judgment against the Beans and granted the defendants Houck summary judgment dismissing the complaint. Special Term directed an assessment of damages against the Beans. In May, 1979 plaintiffs contracted to purchase premises from the Beans which had as its sole source of water a spring located on nearby property belonging to the Houcks. The Beans had purchased the premises from the Houcks, parents of the defendant Joanne E. Bean, and their deed dated October 1, 1974 granted them the personal right to use the water supply in question for a period of five years. The purchase contract with plaintiffs required that the Beans provide a drilled well to

service the property. Before the transaction could be closed it was discovered that the deed to the Beans incorrectly described the premises, requiring the exchange of corrective deeds between the Beans and the Houcks. On August 3, 1979 a possession and escrow agreement was signed by plaintiffs and the Beans which provided for the release of escrow funds upon the exchange of the corrective deeds and the completion and connection of the well by the Beans by January 1, 1980. Corrective deeds were exchanged and the escrow moneys released on August 21, 1979. On September 5, 1979 the Houcks cut off the existing water supply and plaintiffs were without water until they connected the well sometime later at their own expense. Plaintiffs' claim on the summary judgment motion, that defendants' attorney told their attorney that the Beans intended to breach the agreement to complete the well and that the Houcks intended to terminate the water supply, regardless of the consequences, unless plaintiffs agreed to contribute to the cost of completing the well connection, was not refuted. The complaint, in one cause of action, predicates liability against the Beans for breach of contract, and against the Houcks in tort for intentional and malicious termination of the water supply. The pleadings and proof give notice of the theories upon which plaintiffs seek to recover, and, since no prejudice will result to the defendants, and the proof so warrants, the court may amend the pleadings to conform to the proof (see *Dampskibsselskabet Torm A/S v Thomas Paper Co.,* 26 AD2d 347, 352; see, also, 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.10). We consider the pleadings and proof as alleging causes of action for breach of contract and tort. Summary judgment on the breach of contract action was properly granted to plaintiffs against the Beans. Ordinarily, the interpretation of a contract is a question of law appropriate for resolution by way of summary judgment (*APF Inds. v Mosler Safe Co.,* 85 AD2d 922; *Financial & Real Estate Consulting Co. v State of New York,* 63 AD2d 802, 803; see, also *Olson Enterprises v Agway, Inc.,* 55 NY2d 659; *Havel v Kelsey-Hayes Co.,* 83 AD2d 380, 382). By the terms of the purchase contract and escrow agreement, the Beans were obligated to drill and connect a well to service plaintiffs' property. Since the undisputed facts establish a renunciation of this agreement before its fulfillment (see 10 NY Jur, Contracts, § 387, p 385), summary judgment was properly granted against the Beans (see *Zuckerman v City of New York,* 49 NY2d 557, 562; see, also, *Olson Enterprises v Agway, Inc., supra; Havel v Kelsey-Hayes Co., supra*). Although Special Term properly pointed out that the Houcks were not a party to the agreement and were not bound by its terms, the complaint against them for their alleged tortious conduct should not have been dismissed. The function of a court on a motion for summary judgment is issue finding rather than issue determination and the motion should be denied where there is significant doubt as to the existence of a material triable issue of fact (*Barr v County of Albany,* 50 NY2d 247, 254; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *Norden Rest. Corp. v Sons of Revolution in State of N. Y.,* 73 AD2d 213, 219). The proof establishes the existence of factual issues relating to the tortious nature of the Houcks' conduct when the water supply was terminated. (Appeals from order of Supreme Court, Onondaga County, Tenney, J. — summary judgment.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.