■ REMSEN APARTMENTS, INC., Respondent-Appellant, v SOLOMON NAYMAN, Appellant-Respondent, et al., Defendant. — In an action to declare the rights of the parties with respect to certain provisions of a lease, defendant Solomon Nayman appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jones, J.), entered September 30, 1981, as (1) denied his cross motion for summary judgment, (2) dismissed his second counterclaim, (3) granted the branch of plaintiff's motion which sought summary judgment on its second cause of action and declared that plaintiff could assign its interest in the subject lease to a co-operative corporation without the consent of the landlord, and (4) declined to render a declaratory judgment with respect to the first counterclaim. Plaintiff cross-appeals from so much of the same order as denied its motion "for summary judgment in the form of a declaratory judgment" (1) on the first cause of action in the complaint, and (2) on the second cause of action in the complaint, other than declaring that it may freely assign its leasehold interest to a co-operative corporation without the landlord's consent. Order modified, on the law, (1) by deleting clause (b) of the second decretal paragraph and substituting a provision granting plaintiff's motion for summary judgment on its first cause of action as well as the second, and (2) by deleting the third, sixth and seventh decretal paragraphs and substituting provisions (a) declaring that plaintiff has no obligation under the lease to pay any additional net rent for moneys received by it from tenants at 100 Remsen Street for the calendar year 1980 and (b) declaring that plaintiff has no liability to defendant Solomon Nayman with respect to any moneys it may receive from the assignment of its long-term leasehold interest to a co-operative corporation. As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to plaintiff. We agree with Special Term's determination "that plaintiff may assign its interest in the lease to a cooperative corporation without [the] landlord's consent; and take other legal steps

required to convert its leasehold interest to a cooperative ownership, without the landlord's consent and without incurring a default or termination of the lease agreement, which adjudication shall not infringe upon the right, responsibility and authority of the Attorney General of the State of New York to make any determination he deems advisable and appropriate in regard to the acceptance or rejection of the aforesaid cooperative plan in the event it is submitted to him for acceptance or rejection" (see *Rowe v Great Atlantic & Pacific Tea Co.*, 46 NY2d 62). Special Term erred, however, in failing to render a declaratory judgment with respect to that portion of the second counterclaim that seeks to hold the plaintiff tenant responsible for all income received by way of the purchase price for the assignment and for the value of the sponsor retained stock as additional net rent pursuant to paragraph 38 of the lease. Although the payment requested in the counterclaim could only be required, if at all, as the result of acceptance of a co-operative conversion plan by the Attorney-General and actual, subsequent sales of co-operative units, granting the declaratory relief sought herein would not be the equivalent of rendering an advisory opinion. Where the probability of occurrence of the contingent event is great or the declaratory judgment may have an immediate and direct impact on the parties' conduct, the declaratory relief should be granted (3 Weinstein-Korn-Miller, NY Civ Prac, par 3001.09b; *1333 Broadway Assoc. v Elkay Ind. Sales Corp.*, NYLJ, Nov. 18, 1981, p 5, col 3). There can be little doubt that the conduct of plaintiff would be affected by knowledge of whether it must share with Solomon Nayman (hereafter defendant) any of the conversion proceeds. Pursuant to paragraph 38 of the lease, defendant is entitled to additional net rent, above the base annual rent, of "a sum equal to 15% of the gross income in excess of $175,000 per annum received by the Tenant in the operation of and from the sub-tenants of the Demised Premises during each and every calendar year of each renewal term." We are unpersuaded, however, that either the sum received by the plaintiff for the assignment of its leasehold interest or the moneys received by the assignee from its future proprietary leases may be construed as gross income for the purpose of paragraph 38 (cf. *Marlton Operating Corp. v Local Textile Mills*, 137 NYS2d 438, 440 [the term gross income does not have a definite and inflexible meaning; it should be "defined in such a way as to ascertain the sense in which it was used by the parties when they drew the leases"]; *277 Park Ave. Corp. v New York Cent. R. Co.*, 106 NYS2d 338 [moneys collected from tenants by an apartment building manager as a service to an on-premises valet were not gross income to the manager as they were neither for the "use of the demised premises" nor were they "for privileges therein granted"]). Accordingly, plaintiff is entitled to a declaration that it is not liable to defendant with respect to any moneys it may receive from the assignment of its long-term leasehold interest (see *Federal Pacific Elec. Co. v Rao Elec. Equip. Co.*, 15 AD2d 456). Summary judgment should also have been granted plaintiff on its first cause of action and on defendant's first counterclaim both of which involve additional net rent which defendant claims is due for the calendar year 1980. This issue, which requires contract interpretation, is capable of determination without a trial (see *General Phoenix Corp. v Cabot*, 300 NY 87). We interpret the afore-mentioned portion of paragraph 38 of the lease as not requiring that plaintiff pay additional net rent on 15% of the gross rental income received during the entire calendar year 1980 in excess of $175,000. The initial term of the lease ended on December 14, 1980; the renewal term began on the subsequent day. The lease is unclear whether the percentage clause applies to all income received in a calendar year where only part of the calendar year falls within the renewal term. To hold that the tenant is responsible for payment of such additional net rent would be inequitable and a forfeiture, as such an interpre-

tation is not clearly within the provisions of the lease (see *455 Seventh Ave. v Hussey Realty Corp.,* 295 NY 166). Plaintiff would therefore have to pay as additional net rent 15% of the excess of its gross income for the period December 15, 1980 through December 31, 1980 as exceeds $175,000. As the gross income for this period did not exceed $175,000, no payment is required. Plaintiff is therefore entitled to summary judgment on this issue. Damiani, J. P., Lazer, Mangano and Brown, JJ., concur.