■ MICHAEL E. BODWITCH, Respondent-Appellant, v ALFRED A. ALLEN et al., Appellants-Respondents. — Order unanimously modified to grant defendants' cross motion for summary judgment dismissing complaint and, as modified, affirmed, without costs. Memorandum: Plaintiff Bodwitch, the mortgagee, commenced this action to recover the balance due on a 20-year bond and mortgage, alleging that defendant mortgagors breached a covenant which provided "[t]hat no building on the premises shall be removed or demolished without the consent of the mortgagee." Defendants' verified answer stated as affirmative defenses that defendants were not in default in their mortgage payments, that demolition of the structure on the premises was required by law and not attributable to defendants' willful conduct, and that the mortgagee consented to the demolition. Both parties moved for summary judgment and both motions were denied, Special Term finding that there is a triable issue of fact with respect to the intent of the parties on the afore-mentioned clause. The facts are not in dispute. The mortgagors received a letter from the city engineer of the City of Fulton advising that the structure on the mortgaged premises had been condemned because the collapse of a major portion of the south wall had created a safety hazard. The letter advised that the mortgagors would be required to demolish the building either in its entirety or

to a point sufficient to remove the hazardous condition. Subsequently a contract for demolition services was signed by the mortgagors, the mortgagee, and the demolition contractor. Whereas there is no question that the demolition was not caused by any fault of the mortgagors, Bodwitch maintains that he is entitled to damages for breach of contract equal to the balance due on the bond and mortgage plus interest because he has substantially lost his security in the mortgaged property. Default in performance of a mortgage covenant does not operate to accelerate the principal debt unless such result is provided for in the agreement (see *Brayton v Pappas,* 52 AD2d 187). In the absence of contractual language to that effect, plaintiff mortgagee was required to sue for breach of contract. It does not appear, however, that there is an issue of fact requiring a trial. The sole issue is one of contract interpretation which, in the absence of extrinsic evidence as to the intent of the parties at the time of entering into the agreement, should property be determined by the court as a matter of law (*Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 554-555; *APF Inds. v Mosler Safe Co.,* 85 AD2d 922). It appears that the purpose reasonably to be attributed to the mortgage covenant was that the mortgagee should have notice and an opportunity to safeguard his security interest in the event the mortgagor intended to remove or demolish the structure on the mortgaged property. It cannot, however, be reasonably inferred that the mortgagee's consent is required where the structure was condemned as a safety hazard and ordered to be demolished. In that event, the mortgagee could not prevent its removal or destruction and his security was lost, not as a result of the demolition, but as a result of the collapse of the building. Even if we construe the language of the covenant literally, however, so as to require the mortgagee's consent, his signature on the demolition contract constitutes such consent. Nevertheless, Bodwitch claims that it is unjust for defendants to have the benefit of the insurance proceeds in the amount of $60,000. However, the law is clear that both "[t]he mortgagor and the mortgagee each have an insurable interest in the mortgaged premises, and neither can, without an agreement relating thereto, take advantage of insurance effected by the other. If the mortgagor has not bound himself to carry insurance for the benefit of the mortgagee, the mortgagee, as such, has no interest in or claim to a policy of insurance effected by the mortgagor upon the mortgaged property for his own benefit" (38 NY Jur, Mortgages and Deeds of Trust, § 139, p 266; see *Cromwell v Brooklyn Fire Ins. Co.,* 44 NY 42). Bodwitch could have either insured the premises on his own behalf or required the mortgagors to insure in his behalf. His failure to do so should not impose liability on defendants. Defendants have continued to tender their monthly mortgage payments to Bodwitch, who has failed to accept them. His loss of security interest does not give rise to a cause of action against defendants. (Appeals from order of Supreme Court, Oswego County, Hayes, J. — summary judgment — breach of mortgage.) Present — Dillon, P. J., Doerr, Denman, Boomer and Schnepp, JJ.