■ BOREK, STOCKEL & COMPANY et al., Respondents, v TONY SLEVIRA, Appellant. [609 NYS2d 679] —In an action to recover damages for breach of a fiduciary duty, breach of a restrictive covenant contained in an employment contract, and for injunctive relief, the defendant appeals from an order of the Supreme Court, Westchester County (Coppola, J.), entered January 31, 1992, which denied his motion to vacate a default judgment entered in favor of the plaintiff on July 23, 1991.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, and the defendant's motion is granted to the extent of vacating the award of the principal sum of $950,855 under the third cause of action for breach of the employment agreement, and the matter is remitted to the Supreme Court, Westchester County, for a new assessment of damages on the third cause of action, on the condition that the defendant pay $1,500 to the plaintiff within 20 days after service upon him of a copy of this decision and order, with notice of entry; in the event that the condition is not complied with, the order is affirmed, with costs.

We agree with the Supreme Court's conclusion that the subject restrictive covenant is enforceable because it is reasonable in scope, and does not unduly restrict the defendant's ability to earn a livelihood in his chosen profession *(see, Mallory Factor v Jicka,* 168 AD2d 344). However, we find that the liquidated damages clause, which is the basis of the award under the third cause of action, constitutes an invalid penalty. Under the circumstances, the amount awarded should be limited to actual damages *(see, Novendstern v Mt. Kisco Med.*

*Group,* 177 AD2d 623, 625). We therefore exercise our discretion by vacating the award under the third cause of action, on condition that the defendant pay a sanction to compensate the plaintiff for the additional expense incurred as a result of the failure to interpose a timely appearance in this action *(see,* CPLR 5015 [a] [1]). The opening of the default here shall be limited to allowing the defendant to participate in the new assessment of damages with respect to the third cause of action *(see, Schutzer v Berger,* 40 AD2d 725). Balletta, J. P., O'Brien, Ritter and Florio, JJ., concur.