■ JOHN C. PEZZI, Appellant-Respondent, v O'BRIEN & GERE, INC., OF NORTH AMERICA et al., Respondents-Appellants. (Appeal No. 1.) [765 NYS2d 568] —Appeal and cross appeal from an order of Supreme Court, Onondaga County (Murphy, J.), entered August 14, 2002, which denied plaintiff's motion for summary judgment.

It is hereby ordered that said cross appeal be and the same hereby is unanimously dismissed (*see Town of Massena v Niagara Mohawk Power Corp.*, 45 NY2d 482, 488 [1978]; *Matter of Brown v Starkweather*, 197 AD2d 840, 841 [1993], *lv denied* 82 NY2d 653 [1993]; *see also* CPLR 5511) and the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for breach of a written agreement between him and defendant O'Brien & Gere Limited. Supreme Court properly denied plaintiff's motion for summary judgment, inasmuch as the agreement is ambiguous and defendants raised issues of

fact with respect to its proper interpretation. Whether an agreement is ambiguous is a question of law for the court to determine (*see Kass v Kass,* 91 NY2d 554, 566 [1998]). Here, the provisions of the agreement stating that "the corporation must remain in a cash neutral position" and "[i]ncentive payments and retirement contributions would be paid if the company's performance merited distribution" create an ambiguity concerning whether plaintiff is entitled to any incentive payment under the agreement if the corporation did not remain in a cash neutral position or if its performance did not merit any distribution. Thus, read as a whole, the agreement is ambiguous with respect to plaintiff's entitlement to incentive payments, and extrinsic evidence is admissible to determine the true intent of the parties (*see O'Neill v Town of Fishkill,* 134 AD2d 487, 488-489 [1987]). Inasmuch as the parties introduced conflicting extrinsic evidence concerning their understanding and intent with respect to those provisions at the time they entered into the agreement, it is for the trier of fact to resolve the ambiguities in the agreement (*cf. Village of Hamburg v American Ref-Fuel Co. of Niagara,* 284 AD2d 85, 88 [2001], *lv denied* 97 NY2d 603 [2001]; *Bodwitch v Allen,* 91 AD2d 1177, 1178 [1983]). We note that, while the court's disposition of the motion was correct, to the extent that the court interpreted the meaning of the phrase "remain in a cash neutral position" as a matter of law in rendering its decision, that was error. Present—Pigott, Jr., P.J., Green, Pine, Scudder and Hayes, JJ.