OPINION OF THE COURT
Emily Jane Goodman, J.
This case arises from a Housing Court proceeding mandated by defendant District Attorney (DA). The DA ordered the private landlord defendant, to commence a holdover proceeding against the plaintiff tenant. The purpose was to evict tenant and her family as a result of the arrest in the apartment of tenant’s son, who was charged with possession of drugs and weapons. He pleaded guilty to one count of criminal possession of a weapon in the third degree and was sentenced to one year’s incarceration. The landlord and tenant arrived at an agreement which would continue the family’s long-term tenancy, but which would exclude tenant’s son. Furthermore, there was a clause that would put tenant on a five year probation, which would be deemed violated and lead to summary eviction, if her son was permitted to come home. However, the DA claims that he has the right under Real Property Actions and Proceedings Law § 715 to approve or disallow this settlement, and if he does in fact formally elect to veto the settlement reached by the parties, the landlord and tenant would be forced into a trial in the holdover proceeding, which might ultimately result in an eviction, an unfavorable result for both parties.
Plaintiff brings this action, by order to show cause, for a declaration that the District Attorney does not have the statutory authority, pursuant to section 715, to mandate his approval of a settlement agreement between a landlord and tenant in a holdover action commenced by the landlord under that section. Plaintiff also seeks an injunction against the District Attorney “from communicating, in any manner, to landlords the idea that [he has] the authority to require approval of agreements between landlord and tenants in proceedings commenced by landlords at the urging of the District Attorney pursuant to RPAPL section 715.”
*711 The District Attorney served an answer to the summons and complaint. He opposes the motion, maintaining that he has such authority under section 715 because “[a] plain reading of RPAPL § 715 makes it clear that the District Attorney has both a statutory and public welfare role in proceedings brought pursuant to this section.” The District Attorney also maintains that without his oversight the “landlord/owner, either in collusion with their tenants or out of shear neglect, could thwart the public policy behind the statute by simply bringing an action only to settle by allowing the offending tenant to remain.” The District Attorney further argues that the court should not issue a declaration because the landlord has not supplied an affidavit attesting to its knowledge of the facts and consent to the settlement of the landlord/tenant proceeding, nor has proof been proffered that the housing court judge would accept such a settlement. Further, the District Attorney argues that neighboring tenants are necessary parties to this declaratory judgment action because they are afforded rights under section 715.
Undisputed Facts
Petitioner resides in the apartment with her children. On April 7, 2006, a search warrant was executed at the apartment, and drugs and weapons were found. No family member, other than Perdomo’s son, was charged. As noted, the son pleaded guilty to criminal possession of a weapon in the third degree on November 2, 2006 and was later sentenced to one year’s incarceration. In connection with the above, the District Attorney sent a letter, dated August 3, 2006, to landlord’s managing agent, instructing landlord to commence an eviction proceeding based on evidence that the premises were used for the sale of narcotics (exhibit E to affirmation to order to show cause). The letter also provides that “[i]f you contemplate a settlement in the case whereby the tenant would be permitted to remain, my Office must approve it” (id.). Pursuant to that notice, landlord served tenant with a notice of termination of tenancy, indicating that her tenancy was to be terminated on the basis that she was “using and/or permitting such housing accommodations to be used for . . . the illegal business of narcotics” (exhibit F to affirmation). Landlord then commenced the holdover, but subsequently offered to settle the proceeding and allow tenant and family, who have occupied the apartment for many years, to remain if she agreed to permanently exclude her son from the apartment (exhibit G to affirmation).
*712 Discussion
The question is a simple one: whether section 715 provides the District Attorney with additional powers beyond what is specified. The statute is a comprehensive one, detailing — as reflected by its title — the “[g]rounds and procedure where use or occupancy is illegal” to effectuate removal of offending persons (id.).
Preliminarily, “[c]ourts will not entertain a declaratory judgment action when any decree that the court might issue would become effective only upon the occurrence of a future event that may or may not come to pass” (Matter of Board of Educ. for City School Dist. of City of Buffalo v Buffalo Teachers Fedn., 191 AD2d 985, 986 [4th Dept 1993], citing New York Pub. Interest Research Group v Carey, 42 NY2d 527, 531 [1977]; see also Weinstein-Korn-Miller, NY Civ Prac ¶ 3001.09b). Here, however, there is a justiciable controversy. Evidence has been submitted that landlord has offered to settle the holdover proceeding as described above, and the District Attorney, as stated in his letter, has taken the position that such a settlement requires his approval, which has been withheld. Moreover, this legal dispute is likely to reoccur in other cases. Accordingly, declaratory relief is appropriate. Further, contrary to the District Attorney’s argument, neighboring tenants are not necessary parties to this declaratory judgment action. None of plaintiff’s neighboring tenants have served written notice under section 715 and, therefore, no one, other than the District Attorney and landlord, has any authority under section 715 to seek the removal of tenant pursuant to the statute.
Section 715 (1) provides that any duly authorized law enforcement agency, or an owner or tenant of any premises within 200 feet from the apartment at issue, “may serve personally upon the owner or landlord of the premises so used or occupied, or upon his agent, a written notice requiring the owner or landlord to make an application for the removal of the person so using or occupying” the apartment for any illegal trade. It also provides that if, after receiving the notice, the owner, landlord or agent does not make such application within five days thereafter, or
“having made it, does not in good faith diligently prosecute it, the person, corporation or enforcement agency giving the notice may bring a proceeding under this article for such removal as though the petitioner were the owner or landlord of the premises, and shall have precedence over any similar *713 proceeding thereafter brought by such owner or landlord or to the one theretofore brought by him and not prosecuted diligently and in good faith.” (Id.)
While section 715 permits the District Attorney to require a landlord to seek removal of a tenant — which landlord did — it does not provide that the District Attorney approve any settlement reached between a landlord and tenant, which would serve the purpose of the statute.
The “statutory text is the clearest indicator of legislative intent and courts should construe unambiguous language to give effect to its plain meaning” (Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d 653, 660 [2006]). The “failure of the Legislature to include a matter within a particular statute is an indication that its exclusion was intended” (Pajak v Pajak, 56 NY2d 394, 397 [1982]). Where a “law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded” (GTE Spacenet Corp. v New York State Dept. of Taxation & Fin., 223 AD2d 468, 469 [1st Dept 1996]). The statute provides detailed procedures for remedying a serious issue — the use of an apartment for illegal purposes. However, it places the initial burden of commencing these proceedings on the landlord. Only in the event of a landlord’s failure to swiftly commence an action (within five days of receipt of written notice), or in the event of a landlord’s failure to “diligently” prosecute the action, in “good faith,” does section 715 provide that the enforcement agency may bring its own proceeding.
While it is true that the intent of the statute is to protect the public, and that the District Attorney has a public welfare role in doing so, the District Attorney seeks powers beyond what the statute provides. The court cannot fill statutory gaps, if any exist. Moreover, the District Attorney is not justified in complaining that, absent his approval of settlements, a landlord could collude with a tenant, or, out of shear neglect, thwart the public policy behind the statute by bringing an action only to settle it by allowing the offending tenant to remain. Section 715 already allows for a remedy in these very situations as the District Attorney is authorized to prosecute his own proceeding where the landlord does not prosecute the proceeding in good faith (which would encompass collusion) or, does not do so diligently. Consequently, the District Attorney seeks to act beyond the statutory powers.
*714 However, the court declines plaintiffs request for an injunction preventing the District Attorney from communicating, in any manner, to landlords that he has the authority to require approval of agreements between landlords and tenants in proceedings commenced by landlords under section 715, which is unsupported and improper. Plaintiff has cited no law supporting the court’s authority to impose such a restraint.
Accordingly, it is adjudged and declared that the relief sought in the first cause of action is granted to the extent that the court declares that the District Attorney does not have the authority, pursuant to Real Property Actions and Proceedings Law § 715, to mandate his approval of a settlement agreement reached between the landlord and tenant in a holdover action commenced by the landlord under that section; and it is further ordered that plaintiffs request for an injunction against the District Attorney from communicating, in any manner, to landlords that he has the authority to require approval of agreements between landlords and tenants in proceedings commenced by landlords pursuant to section 715 is denied.