■ RAMONA PERDOMO, Respondent, v ROBERT MORGENTHAU, as District Attorney, Appellant, et al., Defendant. [874 NYS2d 443]—

Judgment, Supreme Court, New York County (Emily Jane Goodman, J.), entered December 5, 2007, insofar as appealed from, granting plaintiff's motion for a declaration that defendant District Attorney does not have the authority to mandate his approval of a settlement agreement between a landlord and tenant in an illegal use eviction proceeding brought pursuant to RPAPL 715 at the direction of the District Attorney, unanimously affirmed, without costs.

A court's primary consideration "when presented with a question of statutory interpretation . . . is to ascertain and give effect to the intention of the Legislature" (*Matter of Daimler-*

*Chrysler Corp. v Spitzer*, 7 NY3d 653, 660 [2006] [internal quotation marks and citation omitted]). Legislative intent, in turn, is most clearly indicated by unambiguous statutory text, which courts will construe "to give effect to its plain meaning" (*id.*).

Although the District Attorney, when acting under RPAPL 715, is serving the public welfare, he may not do so in a manner that exceeds his statutory grant of authority. The plain meaning of RPAPL 715 does not provide the District Attorney the authority to supervise or veto settlements between the parties to an illegal use holdover proceeding brought under that statute. Nor is such authority granted by implication, as it is not necessary to the performance of those acts by the District Attorney which the statute does sanction (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 364, at 530; *cf. Matter of Doe v Axelrod*, 71 NY2d 484, 490 [1988]). To find otherwise, we would have to add language to the legislative enactment, which we decline to do (*see Bender v Jamaica Hosp.*, 40 NY2d 560, 562 [1976]).

Furthermore, contrary to the District Attorney's contention that unless he is granted supervisory authority over stipulations of settlement the parties to an RPAPL 715 illegal use eviction proceeding will be free to collude with one another, section 715 already allows for a remedy in such circumstances. The statute authorizes the District Attorney to institute his own holdover proceeding where he believes a landlord or owner is not diligently prosecuting the proceeding in good faith (*see* RPAPL 715 [1]). Concur—Tom, J.P., Moskowitz, Renwick and Freedman, JJ. [*See* 18 Misc 3d 709.]