■ TIMOTHY FORD, Respondent, v CARDIOVASCULAR SPECIAL-ISTS, P.C., Doing Business as NEW YORK HEART CENTER, Appellant. [896 NYS2d 776]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered April 24, 2009 in a declaratory judgment action. The judgment declared that the noncompetition covenant in the employment agreement between the parties is invalid.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the declaration is vacated and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Shortly after commencing this declaratory judgment action, plaintiff moved by order to show cause for a preliminary injunction enjoining defendant, his former employer, from enforcing the noncompetition covenant in the parties' employment agreement. Defendant opposed the motion on various grounds, among them that there is no justiciable controversy between the parties because plaintiff had not yet secured an offer for new employment within the proscribed area. Supreme Court did not rule on plaintiff's motion for a preliminary injunction but instead reached the ultimate merits of the action and declared the noncompetition covenant invalid. We reverse.

We reject at the outset defendant's contention that the action should have been dismissed because plaintiff failed to present a justiciable controversy, and the court thus impermissibly issued an advisory opinion in granting declaratory relief. While defendant is correct that a request for such relief "is premature if the future event is beyond the control of the parties and may never

take place, . . . a claim is justiciable if it is likely that the future contingency will occur" (*Capital Dist. Enters., LLC v Windsor Dev. of Albany, Inc.*, 53 AD3d 767, 769 [2008]; *see Cuomo v Long Is. Light. Co.*, 71 NY2d 349, 354 [1988]). Here, it is undisputed that defendant notified plaintiff of its intent to enforce the restrictive covenant and that plaintiff established his intent to seek employment within the proscribed area. Under the circumstances, the complaint stated a cause of action for declaratory relief (*see Goodman v Reisch*, 220 AD2d 383 [1995]).

The court erred, however, in granting the ultimate relief requested in the complaint in view of the procedural posture of the action, i.e., plaintiff's motion for a preliminary injunction. The court did not notify the parties of its intent to reach the merits of the action rather than to rule on the motion for a preliminary injunction (*see generally Case v Cayuga County*, 60 AD3d 1426, 1427-1428 [2009], *lv dismissed* 13 NY3d 770 [2009]). Consequently, neither party had an opportunity to conduct discovery or to submit extrinsic evidence concerning the parties' intent. Indeed, in view of the court's determination that the employment agreement was ambiguous, such extrinsic evidence would have been relevant, if not dispositive (*see Pezzi v O'Brien & Gere of N. Am.*, 309 AD2d 1295, 1296 [2003]; *Doldan v Fenner*, 309 AD2d 1274, 1275 [2003]). We therefore reverse the judgment, vacate the declaration and remit the matter to Supreme Court to determine plaintiff's motion for a preliminary injunction. Present—Smith, J.P., Peradotto, Lindley, Green and Gorski, JJ.