OPINION OF THE COURT
Memorandum.
Ordered that the appeal from the final judgment entered June 2, 2008 is dismissed; and it is further, ordered that the order dated November 20, 2008 is affirmed without costs.
After landlord received a five-day notice from the District Attorney of Queens County requiring it to commence a proceeding to remove tenants (see RPAPL 715 [1]), landlord commenced this summary proceeding pursuant to RPAPL 711 (5), alleging that tenants were using the premises for an illegal business. Following a nonjury trial, the Civil Court dismissed the petition (37-01 31st Ave. Realty Corp. v Safed, 20 Misc 3d 762 [2008]), finding that the proceeding had been rendered moot by a settlement agreement entered into between the City of New York and tenants in a nuisance abatement action (see Administrative Code of City of NY § 7-704) regarding the same premises. Upon learning that landlord would not appeal the final judgment, the District Attorney sought leave to intervene in the proceeding, which motion was denied by the Civil Court. The District Attorney then filed a notice of appeal from both the final judgment dismissing the petition and the order denying its application to intervene.
Under RPAPL 715, the District Attorney has the right to serve a notice upon a landlord requiring the landlord to bring a summary proceeding against a tenant for illegal activity. If the landlord does not make such an application within five days after being served with the notice or does not in good faith diligently prosecute the proceeding, the District Attorney may bring its own proceeding for the removal of the tenant (RPAPL *60 715 [1]). In this proceeding, landlord did bring a summary proceeding, based upon the District Attorney’s notice, and the proceeding ended in the dismissal of the petition. RPAPL 715 does not grant the District Attorney the authority to override a landlord’s decision not to appeal a dismissal of a proceeding, or to pursue such an appeal on its own (see Perdomo v Morgenthau, 60 AD3d 435 [2009]; see also 40 Marcy, Ltd. v Garcia, NYLJ, Jan. 25, 2010, at 34, col 3 [Civ Ct, Bronx County]). “Nor is such authority granted by implication, as it is not necessary to the performance of those acts by the District Attorney which the statute does sanction” (Perdomo, 60 AD3d at 436 [the court further noted that “(t)o find otherwise, we would have to add language to the legislative enactment, which we decline to do”]). Accordingly, the Civil Court properly denied the District Attorney’s motion for leave to intervene in this proceeding.
In view of the foregoing, we find that the District Attorney was not an aggrieved party within the meaning of CPLR 5511 with respect to the final judgment. Accordingly, the appeal therefrom is dismissed.
Weston, J.E, Rios and Steinhardt, JJ., concur.