# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**78**

**CA 12-00907**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

TIMOTHY FORD, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

CARDIOVASCULAR SPECIALISTS, P.C., DOING
BUSINESS AS NEW YORK HEART CENTER,
DEFENDANT-APPELLANT.

---

LAW OFFICE OF STEWART L. WEISMAN, MANLIUS (STEWART L. WEISMAN OF
COUNSEL), FOR DEFENDANT-APPELLANT.

PAPPAS, COX, KIMPEL, DODD & LEVINE, P.C., SYRACUSE, D.J. & J.A.
CIRANDO, ESQS. (JOHN A. CIRANDO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered December 12, 2011. The order denied plaintiff's motion for summary judgment to the extent that it sought declaratory relief and granted the motion to the extent that it sought dismissal of defendant's counterclaim for liquidated damages.

It is hereby ORDERED that said appeal from the order insofar as it denied that part of plaintiff's motion for declaratory relief is unanimously dismissed and the order is affirmed without costs.

Memorandum: Plaintiff physician commenced this action against defendant, his former employer, seeking judgment declaring that the noncompetition covenant in the parties' employment agreement is no longer in effect or is otherwise unenforceable against him. Defendant asserted a counterclaim alleging breach of the employment agreement and seeking liquidated damages. Plaintiff previously moved for a preliminary injunction enjoining defendant from enforcing the noncompetition covenant and, in a prior appeal, we concluded that Supreme Court erred in granting the ultimate relief requested in the complaint rather than ruling on that motion (*Ford v Cardiovascular Specialists, P.C.*, 71 AD3d 1429, 1430). Plaintiff thereafter moved for summary judgment granting the declaratory relief sought in the complaint and dismissing defendant's "claim" for liquidated damages. The court denied the motion to the extent that it sought declaratory relief and granted the motion to the extent that it sought dismissal of the counterclaim for liquidated damages.

At the outset, we note that defendant did not seek affirmative relief in Supreme Court but simply opposed plaintiff's motion. Thus, defendant is not aggrieved by that part of the order denying

plaintiff's motion to the extent that it sought a declaration (*see* CPLR 5511; *Savino v DeLeyer*, 160 AD2d 989, 990-991). We therefore dismiss the appeal to that extent (*see Savino*, 160 AD2d at 990-991). Moreover, plaintiff did not take a cross appeal from that part of the order denying his motion to the extent that it sought declaratory relief, and thus his contention that the court erred with respect to that denial is not properly before us (*see Harris v Eastman Kodak Co.*, 83 AD3d 1563, 1564; *Zeman v Falconer Elecs., Inc.*, 55 AD3d 1240, 1241; *see generally* CPLR 5515 [1]).

We further conclude that the court properly granted that part of plaintiff's motion with respect to defendant's counterclaim to the extent that it sought liquidated damages pursuant to the formula set forth in the noncompetition covenant, i.e., "150% of [plaintiff's] annual W-2 gross income and bonus at termination." "Whether [that formula] represents an enforceable liquidation of damages or an unenforceable penalty is a question of law, giving due consideration to the nature of the [employment agreement] and the circumstances" (*JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 379). Plaintiff met his initial burden of establishing that the liquidated damages sought by defendant are a penalty by submitting evidence that the amount of such damages, i.e., approximately $555,000, is "grossly disproportionate to" defendant's anticipated loss from plaintiff's alleged breach of the noncompetition covenant (*Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d 420, 424; *see JMD Holding Corp.*, 4 NY3d at 380; *Fingerlakes Chiropractic v Maggio*, 269 AD2d 790, 791; *Borek, Stockel & Co. v Slevira*, 203 AD2d 314, 314-315), and defendant failed to raise a triable issue of fact. We agree with defendant, however, that the counterclaim is intact to the extent that defendant is entitled to actual damages arising from plaintiff's alleged breach (*see Borek, Stockel & Co.*, 203 AD2d at 314-315; *Novendstern v Mt. Kisco Med. Group*, 177 AD2d 623, 625, *lv dismissed* 80 NY2d 826).

Entered:  February 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court