*749 In an action for a judgment declaring, inter alia, that the defendant is not entitled to a share of certain distributions made to unit holders of the plaintiff, in which the defendant counterclaimed to recover damages for breach of contract and for a judgment declaring that the defendant is entitled to 5% of the net distributions which the plaintiff makes to its unit holders, whether or not the distributions are related to a sale of some or all of the plaintiffs assets, the defendant appeals from stated portions of an order and judgment (one paper) of the Supreme Court, Westchester County (Scheinkman, J.), entered December 8, 2011, which, inter alia, denied those branches of his motion which were for (a) summary judgment dismissing the second and third causes of action with prejudice, (b) summary judgment on his first counterclaim to recover damages for breach of contract, and (c) summary judgment on his second counterclaim for a judgment declaring that he is entitled to 5% of the net distributions which the plaintiff makes to its unit holders, and granted those branches of the plaintiffs cross motion which were for (a) summary judgment dismissing the defendant’s first and second counterclaims and (b) summary judgment on the third cause of action to the extent of declaring that “in the event that said Plaintiff makes any net distributions to its unit holders, which distributions are based either upon the sale of all the assets of said Plaintiff or upon the sale of some of the assets of said Plaintiff, said Defendant would be entitled to the payment of Bonus Compensation, subject to the other applicable terms and provisions” of the parties’ agreement dated June 20, 2002.
Ordered that the order and judgment is modified, on the law, by deleting so much of the eighth decretal paragraph thereof as granted that branch of the plaintiffs cross motion which was for summary judgment dismissing so much of the defendant’s second counterclaim as was for a judgment declaring that the defendant’s bonus compensation is 5% of certain distributions made by the plaintiff, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a trial on the issue of whether the defendant’s share of any future distributions based upon the sale of all or some of the assets of the plaintiff would be 5% on the ground that he was discharged without cause, or would be limited to 3% on the ground that he resigned.
*750 In March 2000, the plaintiff, Realtime Data, LLC (hereinafter RDL), hired the defendant. The defendant entered into a series of written employment agreements with RDL, culminating in the agreement at issue dated June 20, 2002, which “superseded] and replace [d] any and all prior understandings, agreements or correspondence between the parties relating thereto.” Paragraph 4.2 of the agreement provided, in pertinent part: “Bonus Compensation: Upon the sale of all of the assets of the Company (a ‘Transaction’), the Company shall pay a bonus to the Employee . . . in an amount equal to 5.00% ... of the net proceeds of the sale thereof ... In the event of any net distributions to unit holders not based upon the sale of all the assets of the company, the bonus compensation of 5.00% of the total distribution will be paid to the Employee.”
The agreement also contained “vesting” provisions, which provided, in pertinent part, that the defendant’s right to 3% of any amount distributed was “already fully vested as of January 31, 2002,” but the defendant’s “right to the remaining 2% . . . shall only become vested . . . [i]n the event the Employee continues in the employment of the Company until November 15, 2002 or is earlier terminated by the Company without cause.”
The defendant’s employment was terminated on October 31, 2002. The defendant claims that he was discharged without cause, because RDL was suffering financial difficulties. RDL claims that he resigned.
In November 2010, RDL commenced the instant action, inter alia, for a judgment declaring that the defendant was not entitled to any bonus compensation. The third cause of action sought, in the alternative, a judgment declaring that the defendant was only entitled to bonus compensation if a distribution is made based upon the sale of RDL’s assets. RDL further claimed that “[a]s of today’s date, there has not been any sale” of its assets.
The defendant, in his first counterclaim, sought to recover damages for breach of contract, alleging that he was entitled to 5% of all distributions to RDL’s unit holders, whether or not based upon the sale of RDL’s assets, including 5% of a distribution of proceeds of a settlement of a specific patent infringement suit. The second counterclaim sought a judgment declaring that the defendant was entitled to 5% of all distributions to RDL’s unit holders, whether or not based upon the sale of RDL’s assets.
The defendant moved for summary judgment dismissing the complaint and on his counterclaims. RDL cross-moved for sum *751 mary judgment on the complaint. In the order and judgment appealed from, the Supreme Court granted that branch of RDL’s cross motion which was for summary judgment on its third cause of action to the extent of declaring that the defendant was entitled to bonus compensation of an unspecified share of distributions to unit holders of the net proceeds of the sale of either all or some of RDL’s assets, and dismissed the remaining causes of action without prejudice. The court also determined that the issue of whether the defendant was entitled to 3% of such distributions or 5% of such distributions was not a justiciable controversy, since no sale of all or part of RDL’s assets had occurred.
The defendant acknowledges that if the language of a written contract is free of ambiguity, the court must determine its meaning as a matter of law based upon the writing alone, without resort to extrinsic evidence (see WWW Assoc. v Giancontieri, 77 NY2d 157, 163 [1990]; Yellow Book of N.Y., Inc. v Shelley, 74 AD3d 1333, 1335 [2010]). Contrary to the defendant’s contention, the language of paragraph 4.2 clearly limits bonus compensation to a share of distributions based upon either the sale of all of RDL’s assets, or some of RDL’s assets. Pursuant to the doctrine of “expressio unius est exclusio alterious,” which means that the expression of one thing is the exclusion of the other (see Matter of Petersen v Incorporated Vil. of Saltaire, 77 AD3d 954 [2010]), the references to the sale of assets implies that bonus compensation does not apply to distributions based upon something other than the sale of assets. If the parties had intended for bonus compensation to be based upon all distributions, these references to the sale of assets would have been unnecessary.
If the defendant was discharged without cause, once there is a distribution based upon a sale of assets, he is entitled to bonus compensation of 5% of the net proceeds of the sale. However, if he resigned, once there is a distribution based upon a sale of assets, he is entitled to bonus compensation of only 3% of the distribution. The Supreme Court concluded that there was no justiciable controversy over whether the defendant was discharged without cause or resigned, because RDL had made no distributions based upon the sale of assets.
The courts may issue declaratory judgments declaring the rights of the parties only where there is a justiciable controversy (see CPLR 3001; see e.g. Employers’ Fire Ins. Co. v Klemons, 229 AD2d 513, 514 [1996]). There is no justiciable controversy warranting declaratory relief if the controversy is over a future event “beyond the control of the parties and may never occur” *752 (New York Pub. Interest Research Group v Carey, 42 NY2d 527, 531 [1977]; see Cuomo v Long Is. Light. Co., 71 NY2d 349, 354 [1988]). However, in the instant case, the future event is in the control of RDL (see Jones v Town of Carroll, 57 AD3d 1379 [2008]), and is likely to occur (see Ford v Cardiovascular Specialists, P.C., 71 AD3d 1429 [2010]; Remsen Apts. v Nayman, 89 AD2d 1014 [1982], affd 58 NY2d 1083 [1983]; Perdomo v Morgenthau, 18 Misc 3d 709, 712 [2007], affd on other grounds 60 AD3d 435 [2009]). Therefore, the question of whether the defendant was discharged without cause or resigned constitutes a justiciable controversy, which must be resolved by the Supreme Court after a trial.
The defendant’s contention that RDL’s causes of action for declaratory relief should be dismissed with prejudice is without merit (see Lanza v Wagner, 11 NY2d 317, 340 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). The defendant’s remaining contentions are without merit, or need not be addressed in light of our determination. Skelos, J.E, Balkin, Dickerson and Hinds-Radix, JJ., concur.