◼ Phoenix Asset Management, LLC, Respondent-Appellant, v X & Y Group Development, LLC, et al., Appellants-Respondents. [15 NYS3d 75]—

In an action to recover damages for breach of contract, the defendants appeal, as limited by their notice of appeal and brief, from (1) so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered January 8, 2014, as denied that branch of their motion which was for summary judgment dismissing the cause of action to recover damages in the sum of $250,000 for an alleged breach of paragraph 2 (b) of the parties' contract, and granted that branch of the plaintiff's cross motion which was for summary judgment on the cause of action to recover damages in the sum of $500,000 for an alleged breach of paragraph 2 (a) of the parties' contract, and (2) a judgment of the same court entered October 23, 2014, which, upon the order, is in favor of the plaintiff and against them in the total sum of $694,140, and the plaintiff cross-appeals, as limited by its notice of cross appeal and by its letter dated April 10, 2015, (1) from so much of the same order as directed that interest on the $500,000 award be computed only from July 30, 2010, and (2) on the ground of inadequacy, from so much of the same judgment as, upon so much of the order as directed that interest on the $500,000 award be computed only from July 30, 2010, awarded interest computed only from July 30, 2010, in the sum of only $193,375. The notices of appeal and cross appeal from the order entered January 8, 2014, are deemed also to be notices of appeal and cross appeal from the judgment entered October 23, 2014 (*see* CPLR 5501 [c]).

Ordered that the appeal and cross appeal from the order are dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, (1) by adding thereto a provision dismissing the cause of action to recover damages in the sum of $250,000 for an alleged breach of paragraph 2 (b) of the parties' contract, (2) by deleting the provision thereof directing that interest on the $500,000 award be

computed from July 30, 2010, and substituting therefor a provision directing that interest on the $500,000 award be computed from December 7, 2008, and (3) by deleting the provision thereof awarding interest in the sum of $193,375; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, the order entered January 8, 2014, is modified accordingly, so much of a subsequent order of the same court entered September 3, 2014, as granted the plaintiff's motion for leave to discontinue its cause of action to recover damages in the sum of $250,000 for an alleged breach of paragraph 2 (b) of the parties' contract, without prejudice, is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a recalculation of interest and, thereafter, the entry of an appropriate amended judgment; and it is further,

Ordered that the parties to the appeal and/or their counsel are directed to show cause why an order should or should not be made and entered imposing such sanctions and/or costs, if any, against them pursuant to 22 NYCRR 670.2 (g) as this Court may deem appropriate, by filing affirmations or affidavits on that issue in the office of the Clerk of this Court and serving one copy of the same on all parties to the appeal on or before August 21, 2015; and it is further,

Ordered that the Clerk of this Court, or her designee, is directed to serve counsel for the appellants-respondents and the respondent-appellant with a copy of this decision and order by regular mail.

The appeal and cross appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal and cross appeal from the order are brought up for review and have been considered on the appeal and cross appeal from the judgment (*see* CPLR 5501 [a] [1]).

On March 15, 2007, Phoenix Asset Management, LLC (hereinafter Phoenix), entered into a contract to purchase a parcel of real property located on Union Street in Queens (hereinafter the Union Street property). Subsequently, Phoenix executed an agreement (hereinafter the assignment agreement) whereby it assigned its rights under the purchase and sale agreement to X & Y Group, Inc. (hereinafter X & Y Group). X & Y Group, as consideration for the assignment, agreed to pay Phoenix $1,000,000, and also agreed to reimburse Phoenix for the down payment Phoenix made to secure the purchase and sale agreement. X & Y Group later assigned its rights under the assign-

ment agreement to an affiliate, X & Y Group Development, LLC (hereinafter X & Y Development).

Prior to the closing on the Union Street property, Phoenix and X & Y Development executed certain amendments to the assignment agreement, including amendments to the terms setting forth the amount of the assignment consideration and the date such amount was due. X & Y Group closed on the Union Street property on December 7, 2007. At the time of the closing, Phoenix received a full refund of its down payment, but did not receive any assignment consideration from X & Y Group. Instead, Phoenix and X & Y Group agreed, in writing, to continue to negotiate in good faith the terms of the assignment consideration.

Shortly after the closing, Phoenix and X & Y Group executed the "Second Amendment to Closing Condition Agreement" (hereinafter the Second Amendment), which further modified the assignment agreement. The Second Amendment also was signed by the defendant Samuel Development Group, LLC (hereinafter Samuel Development Group), and the defendants Yi Xia and Jiqing Yue, who are both members of X & Y Group and Samuel Development Group. Paragraph 2 of the Second Amendment required X & Y Group to pay Phoenix $750,000 as consideration for the assignment. Pursuant to paragraph 2 (a), $500,000 of this assignment consideration was to be paid within one year after Xia and Yue's share of certain proceeds that were expected to be received by Samuel Development Group from the sale or refinancing of a designated separate project that was nearing completion.

In July 2010, having received no assignment consideration, Phoenix commenced this action against X & Y Group, Xia, Yue, and Samuel Development Group (hereinafter collectively the defendants) to recover damages for breach of contract. The defendants moved, inter alia, for summary judgment dismissing the complaint and Phoenix cross-moved, inter alia, for summary judgment on the cause of action to recover damages in the sum of $500,000 for the breach of paragraph 2 (a) of the Second Amendment. In an order entered January 2014, the Supreme Court, among other things, denied the defendants' motion and granted Phoenix's cross motion to the extent of awarding it $500,000, with interest from July 30, 2010. The defendants appeal and Phoenix cross-appeals.

Initially, the Supreme Court did not err in granting that branch of Phoenix's motion which was for summary judgment in the amount of $500,000. In this regard, Phoenix established its prima facie entitlement to the $500,000 portion of the as-

signment consideration due under paragraph 2 (a) of the Second Amendment by demonstrating that the defendants had failed to pay this portion within one year of the closing on the Union Street property. In opposition to this prima facie showing, the defendants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Contrary to the defendants' contention, and as the Supreme Court properly concluded, the language of paragraph 2 (a) of the Second Amendment, which is unambiguous, fixed a time for payment but did not establish that the defendants' receipt of net proceeds from their separate project was a condition precedent to their obligation to make such payment (*see generally Realtime Data, LLC v Melone*, 104 AD3d 748, 751 [2013]). As it is undisputed that the defendants did not pay Phoenix this portion of the assignment consideration within a year of the closing and did not otherwise seek to extend the time for payment, the Supreme Court properly awarded Phoenix summary judgment in the amount of $500,000.

However, while the award of $500,000 was appropriate, the Supreme Court erred in setting July 30, 2010, as the relevant date for computing interest on this award. As discussed above, the defendants breached paragraph 2 (a) when they failed to pay Phoenix this first portion of the assignment consideration within one year of the closing on the Union Street property. Since the Union Street property closed on December 7, 2007, the prejudgment interest on the damages awarded should have been computed from December 7, 2008 (*see* CPLR 5001 [b]; *J. D'Addario & Co., Inc. v Embassy Indus., Inc.*, 20 NY3d 113 [2012]).

The Supreme Court also erred in denying that branch of the defendants' motion which was for summary judgment dismissing Phoenix's claim to recover damages in the sum of $250,000 for a breach of paragraph 2 (b) of the Second Amendment. It is undisputed that payment of this second portion of the assignment consideration was not due until the "community facility portion" of the proposed project at the Union Street property was sold or refinanced. Indeed, Phoenix acknowledged that such a sale or refinance could take "years." Since the defendants established, prima facie, that no such sale or refinancing has occurred, and since Phoenix did not oppose this prima facie showing, this branch of the defendants' motion should have been granted (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

In light of our determination, Phoenix's remaining contention has been rendered academic.

By letter dated April 10, 2015, counsel for Phoenix notified

this Court of her position that a portion of the appeal had been rendered academic based upon an order of the Supreme Court entered September 3, 2014, which granted Phoenix's motion for leave to discontinue its cause of action to recover damages in the sum of $250,000 for an alleged breach of paragraph 2 (b) of the parties' contract, without prejudice, and the subsequent entry of a final judgment on October 23, 2014.

22 NYCRR 670.2 (g) provides, in relevant part, that "[i]f a cause or the underlying action or proceeding is wholly or partially settled or if any issues are wholly or partially rendered moot, or if any cause should not be calendared because of bankruptcy or death of a party, inability of counsel to appear, an order of rehabilitation, or for some other reason, the parties or their counsel shall immediately notify the court," and "[a]ny attorney or party who, without good cause shown, fails to comply with the requirements of this subdivision shall be subject to the imposition of such costs and/or sanctions as the court may direct." Accordingly, we direct the parties or their counsel to show cause why an order should or should not be made and entered imposing such sanctions and/or costs, if any, against them pursuant to 22 NYCRR 670.2 (g) as this Court may deem appropriate. Mastro, J.P., Skelos, Dickerson and LaSalle, JJ., concur.